## TITSWORTH *vs.* TITSWORTH and another.

Where A contracted to purchase of B a lot of land, and A entered into possession before receiving a deed, and made improvements, and B made a conveyance of the land contracted for, and after the conveyance, A, with knowledge of the facts, settled with B for the damages by taking a judgment of B for the amount, A, upon return of an execution upon such judgment unsatisfied, is precluded from calling in question the fairness of the conveyance from B.

By such settlement the lien of the purchaser for a conveyance is waived, and he indicates a determination to look to the seller for his damages; and he must be confined to such determination.

THE facts in this case will sufficiently appear from the opinion of the court.

*S. G. Haven,* for complainant.

*John L. Talcott,* for defendants.

THE VICE CHANCELLOR. This is a creditor's bill, and something more. The complainant in 1831 made a contract with the defendant A. Titsworth, for the purchase of two acres from his farm—went into possession—erected a barn and house and dug a well—but never obtained a deed. In July, 1836, A. Titsworth conveyed the whole farm, including the two acres, to the other defendant, Moyer. After this conveyance, the complainant endeavored to settle with A. Titsworth, and it was agreed to refer it to arbitrators; but before the arbitrators made their award, the parties settled, themselves, and A. Titsworth agreed to pay the complainant $120 for his land and improvements, and give judgments payable on time for the amount, which agreement the complainant assented to, and the agreement was perfec-

ted by entering up the judgments. Twenty dollars of the judgments was paid, but an execution for the remainder was returned *nulla bona ;* and this bill was filed upon such return, and charging the conveyance to Moyer as fraudulent as against creditors.

The complainant makes two points :

1. That the deed from A. Titsworth to Moyer was void for want of consideration, and calculated to hinder and delay creditors.

2. That the complainant has a specific lien upon the two acres, for the purchase money and interest, and the value of the improvements.

The doctrine of specific lien for the purchase money by the vendor, is clearly traced by the Chancellor in Fish *vs.* Howland, 1 Paige, 20. There are other cases of lien by the vendee, for the money paid and the value of the improvements. I do not exactly understand under which of these heads the complainant claims the advantage of the lien.

The idea struck me upon the argument, and it is now strong upon my mind, that the complainant, by making an arrangement and settlement with A. Titsworth, and taking security for the amount agreed upon, waived all claim to the advantage of a specific lien, and even to call in question the *bona fides* of the conveyance to Moyer. At the time of this settlement, the complainant was as well informed of the character of the transaction as he is now. Moyer being the mother-in-law of her grantor, and the complainant being in possession of the two acres, she (Moyer) must be presumed to have had notice of the complainant's interest in the two acres. If the complainant had not made a settlement he could undoubtedly have successfully contested Moyer's title

Aug. 1840.

Titsworth
v.
Titsworth
and another.

to the two acres. He did not choose to do this, but rather to effect a compromise with his brother. A specific lien for the amount of this compromise, does not seem to me to come within the spirit of the decisions in relation to such lien. If a vendor sells lands, and takes the note of the vendee without surety for the purchase money, the vendor has in equity a lien upon the land in the hands of a purchaser, with notice for the amount of the purchase money. But I apprehend if, in such case, the vendee should first dispose of the land, and *afterwards* the vendor, with full knowledge of all the circumstances, should take the vendee's note for the purchase money or a judgment against him for the sum, that he could not afterwards resort to his lien upon the lands in the hands of such purchaser. The very act of settlement and taking personal security *after* the conveyance, and with full knowledge of the conveyance with all its circumstances, would seem to be an express waiver of all lien upon the land. Such is this case; and whether the specific lien is claimed as vendor or vendee, I assume that the act of settlement and taking security by the complainant, with full knowledge of all the circumstances, will amount to a waiver of his lien.

Again: the contract to pay, or in fact the debt from A. Titsworth to the complainant, accrued after the conveyance to Moyer. The consideration of the debt, it is true, was the taking of the complainant's land; but the complainant had it in his power to enforce a specific performance of this contract. This he waived, and made a new contract to receive a certain sum secured in a certain way, for surrendering the advantages of his contract. This was done

with a knowledge of all the circumstances attending the conveyance, and appears to be in some sort an admission on the part of the complainant, that the conveyance was *bona fide.* The complainant seems to have relied upon the security taken by him on settlement, and to have precluded himself from questioning the fairness of the conveyance. This will render it unnecessary to investigate the facts in relation to the conveyance, or to pass an opinion thereon; though there is much in the testimony to throw doubt upon the fairness of the conveyance.

As there is no personal property disclosed by the answer which can be reached by the bill, the complainant's bill is dismissed with costs.